### FIDELITY & DEPOSIT CO. OF MARYLAND v. QUAID et al.

#### No. 3382.

Court of Civil Appeals of Texas. El Paso.

May 7, 1936.

Rehearing Denied June 4, 1936.

Harrison, Scott & Rasberry, of El Paso, for appellant.

M. Scarborough, of El Paso, for appellees.

## WALTHALL, Justice.

This suit was filed in the justice of the peace court, where it was prosecuted to final judgment, and duly appealed therefrom to the El Paso county court at law, and there prosecuted to final judgment, from which court the case was brought to this court on appeal. Plaintiffs, J. E. Quaid and R. B. Rawlins, sue defendant, Fidelity & Deposit Company, a corporation, for $100, and interest thereon, alleged to be due them.

Defendant answered by general demurrer and general denial. The case was tried to the court without a jury. On the evidence heard, the court entered judgment in favor of plaintiffs for the amount sued for, and defendant appeals.

The trial court did not file findings of fact. The evidence is largely documentary. Briefly stated, it is substantially to the following effect:

Plaintiffs, in the matters involved here, represented the Southwest Produce Distributors', Inc., a corporation, as attorneys. The corporation was represented by Blasdell, Bodley and Joe Phillips; had their office or place of business at Phœnix, Ariz., and were engaged in hauling produce from California through New Mexico to Texas. The Corporation Commission of New Mexico insisted that Phillips and his associates take out a permit to operate in that state, and, to avoid threatened interference, Quaid and Rawlins, for their client, applied for and secured an injunction in New Mexico, and for their services a fee was agreed upon. The surety company required the deposit of $200. Later it was decided to dismiss the injunctive proceedings, and withdraw the $200 deposit. That was done, and Mr. Phillips handed to plaintiffs the certificate of deposit for the $200, with the statement: "Take this and get this dismissed, and you fellows get $100.00 and we will take $100.00."

Plaintiffs dismissed the suit and mailed the certificate of deposit to the defendant, Fidelity & Deposit Company, the Insurance Company at Phœnix, Ariz., with a copy of the order dismissing the injunction suit, and the payment of the costs by plaintiffs, and with instruction that the $200 was to be paid to plaintiffs and the Southwest Produce Distributors, Inc., as above, that is $100 to each. Defendant received the certificate of deposit with the above instruction.

After some correspondence, the defendant wrote to plaintiffs as follows: "The Southwest Produce Distributors, Inc., came in for their collateral the other day, and would not agree that we turn it over to you, and gave me (C. A. Drummond, Manager) a letter to that effect, as per attached copy. Under the circumstances we had no alternative but to turn the collateral over to them."

The record shows that in making the injunction bond the Southwest Produce Distributors was required to deposit with appellant the certificate of deposit of $200 as an indemnity against any liability on the bond. At the time of the deposit appellant issued to plaintiff in the New Mexico suit a document referred to in the evidence as a collateral agreement, a receipt for the money evidenced by the certificate of deposit. That certificate contained a clause reading as follows: "Tenth: That this instrument nor any rights thereunder shall be assigned without the written consent of the surety endorsed thereon and signed by an executive officer of the surety at its home office in the City of Baltimore, Maryland."

The evidence does not show that plaintiffs, appellees here, had such consent. Without such consent appellees would not have such unqualified ownership or right in the fund assigned as to form the basis of their suit or to sustain the judgment in their favor.

Without discussing the above rule at length, and as controlling the question presented, we refer to the case of Reef v. Mills Novelty Co. (Tex.Civ.App.) 57 S.W.(2d) 242, and affirmed (Tex.Com.App.) 89 S.W. (2d) 210.

It is ordered that appellees take nothing by their suit, and that the case be reversed and judgment here rendered in favor of appellant.

Reversed and rendered.